The Honorable John Schneider State Senator, District 14 State Capitol Building, Room 422 Jefferson City, MO 65101
Dear Senator Schneider:
This opinion is in response to your question asking:
 Does the phrase "expel any member" as it appears in Section 80.080, RSMo, refer to "expulsion from office", or rather "expulsion from a meeting"?
Section 80.080, RSMo 1994, to which your question refers, provides:
 80.080. Trustees — powers and duties as to members and meetings. — The board of trustees shall judge of the qualifications, elections and returns of their own members; they may determine rules of their own proceedings, punish any member or other person for disorderly behavior in their presence, and, with the concurrence of four of the trustees, expel any member, but not a second time for the same cause; they shall keep a journal of their proceedings, and, at the desire of any member, shall cause the yeas and nays to be taken and entered on the journal, on any question, resolution or ordinance; and their proceedings shall be public. [Emphasis added.]
Related clauses are to be considered when construing a particular portion of a statute. Marre v. Reed, 775 S.W.2d 951,953 (Mo. banc 1989). In Section 80.080, the phrase "expel any member" is followed by the phrase "but not a second time for the same cause" and is preceded by a reference to punishing any member for disorderly behavior.
Each word, clause, sentence and section of a statute should be given meaning. State ex rel. Missouri State Board ofRegistration for Healing Arts v. Southworth, 704 S.W.2d 219, 225
(Mo. banc 1986). If the phrase "expel any member" refers to removing a member from office, the phrase "but not a second time for the same cause" has no meaning. Once a person has been removed from office, he no longer holds that office and thus could not be removed from it a second time. On the other hand, if the phrase "expel any member" refers to removing a member from a meeting, the phrase "but not a second time for the same cause" has meaning. Once a person is removed from a meeting for certain conduct, he could not be removed from a subsequent meeting for the prior conduct. Therefore, we conclude the phrase "expel any member" refers to expelling a member from a meeting and not to removing a member from office.
This conclusion is further supported by the clause preceding "expel any member." The clause refers to punishing any member for disorderly behavior. Removal from a meeting is a sanction consistent with disorderly behavior.
In determining legislative intent, its is proper to consider statutes involving similar or related subject matter when those statutes shed light on the meaning of the statute being construed. State v. Knapp, 843 S.W.2d 345, 347 (Mo. banc 1992). In other statutes relating to removal from office, the legislature has provided safeguards to preclude a majority of a board from removing another board member with whom the majority simply may disagree. See, for example, Section 79.240, RSMo 1994 (relating to removal of elected officers for cause in fourth class cities); Section 77.340, RSMo 1994 (relating to removal of elected officers for cause in certain third class cities); and Section 106.220, RSMo 1994 (relating to removal from office of certain elected local government officials for specified reasons). The absence of similar safeguards in Section 80.080
lends further support to the conclusion that "expel any member" in Section 80.080 refers to expelling a member from a meeting and not to removing a member from office.
Furthermore, in Section 79.240, Section 77.340, and Section106.220, the language of the statute makes clear that the statute addresses removal from office. Where the legislature intends a statute to address removal from office, the statute enacted by the legislature has clearly stated such intent. The clear intent to address removal from office is not similarly stated in Section80.080, further supporting the conclusion that Section 80.080
refers to expelling a member from a meeting.
CONCLUSION
It is the opinion of this office that the phrase "expel any member" in Section 80.080, RSMo 1994, refers to expelling a member from a meeting and not to removing a member from office.
Sincerely,
 JEREMIAH W. (JAY) NIXON Attorney General